E-FILED
Monday, 02 February, 2026 08:55:39 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAKOTA POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03147-MMM |
| | ) | |
| MORGAN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants. | | |

**<u>ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Big Muddy

Correctional Center, alleges violations of his Fourth and Fourteenth Amendment rights

at the time of an arrest, and during his pretrial detention. The case is now before the

Court for a merit review of Plaintiff's Complaint and ruling on Plaintiff's Motion to

Request Counsel. Docs. 1, 5.

A. <u>Merit Review</u>

The court must "screen" Plaintiff's complaint, and through such process identify

and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. §

1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the

plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory

statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### Allegations

Plaintiff names as Defendants several John/Jane Doe individuals. He names Morgan County Sheriff's Department County Jail Healthcare Staff, and Jacksonville Police Department Officers.

Plaintiff alleges that on February 13, 2024, Jacksonville, Illinois, police officers, while arresting Plaintiff, picked him up by the handcuffs, dislocated his left shoulder, and threw him into a police cruiser by his throat, breaking his shoulder. Jail Correctional Officers Jackson and Kurt calmed Plaintiff due to his excessive pain, and refused to house him at the jail until he was taken for emergency medical attention, respectively. Jackson and Kurt are not Defendants.

Plaintiff alleges that from February 2024, through May, 2024, in Morgan County Jail custody, he remained in severe pain and received no actual medical attention for his pain or injuries. On May 13, Plaintiff alleges he asked for a medical protocol from Officer Austin Manley, and they filled out a form asking what was wrong with Plaintiff medically, and Plaintiff was then issued Tylenol. On May 14, Plaintiff asked for another medical protocol from Officer Kurt, and he was again given Tylenol and placed back in his cell. Plaintiff complained that his medical needs from his injury were not being addressed, including his severe pain. Plaintiff then suffered a heart attack which doctors at the hospital attributed to his extreme untreated shoulder pain.

## Analysis

Plaintiff states a claim for excessive use of force against the unnamed Jacksonville Police Officers. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); *see also Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) ("Excessive force claims are reviewed under the Fourth Amendment's objective reasonableness standard.").

Plaintiff also states a claim against the healthcare staff at the Morgan County Jail, who he alleges provided him with no actual medical treatment for his severe pain, resulting in a heart attack. It is plausible that a reasonable medical professional, situated as the Doe healthcare staff Defendants were situated, acted in an objectively unreasonable way in taking, or failing to take, certain intentional actions in response to Plaintiff's obvious medical needs. *See Echols v. Johnson*, 105 F.4th 973, 978 (7th Cir. 2024), *reh'g denied,* 2024 WL 3992502 (7th Cir. Aug. 29, 2024); *Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024).

## Doe Defendants Issue

A plaintiff has the right "to sue unknown injurers" but "eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction, without which the suit must be dismissed." *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). "To the extent the plaintiff

faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "Depending on the particular circumstances of the case, the court may assist the plaintiff by … allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible …." *Id.*

Here, the Clerk is directed to add as Defendants, in their official capacities, for the purpose of responding to discovery in this matter related to the identities of the individuals who were involved in the allegations of Plaintiff's complaint, 1) Morgan County, Illinois, Sheriff Mike Carmody and 2) Jacksonville, Illinois, Police Chief Doug Thompson.

B. <u>Motion to Request Counsel</u>

Plaintiff requests that the court appoint counsel on his behalf. Doc. 5.

The court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it themselves. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022), citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

At the second step, the Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, litigation experience,

and intellectual capacity and psychological history (if information on those topics is before the court). *Watts*, 42 F.4th at 760.

As to the first step, Plaintiff has not shown a reasonable attempt to secure counsel on his own, nor is there any indication he is unable to do so. Before filing any renewed motion for assistance in obtaining counsel, Plaintiff must try to find counsel on his own. Typically, this is shown by attaching copies of letters sent to several civil rights law firms, along with copies of responses received. Requests should be specific to this lawsuit and describe the basic outline of his claims: that his shoulder was broken due to excessive force of arresting officers and that the jail afterwards failed to provide him with medical care.

As to the second part of the inquiry, if Plaintiff later renews his request for counsel, he should address the factors related to his ability to represent himself so the Court has that information before it at that time.

**IT IS THEREFORE ORDERED:**

1.     **Plaintiff's Motion for Appointment of Counsel [5] is DENIED with leave to renew as stated above.**

2.     **Plaintiff's motions for status [11], [12] are DENIED as MOOT.**

3.     **The Clerk is directed to add as Defendants John/Jane Doe Jacksonville Police Officers and John/Jane Doe Morgan County Jail Healthcare Personnel. The Clerk is also direct to add as Defendants, in their official capacities, for the purpose of responding to discovery in this matter related to the identities of the Doe individuals who were involved in the allegations of Plaintiff's complaint, 1) Morgan County, Illinois, Sheriff Mike Carmody and 2) Jacksonville, Illinois, Police Chief Doug Thompson.**

4.     **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff states a Fourth and Fourteenth Amendment claim against Defendants Doe as stated herein. Any additional claims against any other Defendant shall not be**

3:25-cv-03147-MMM    # 13    Filed: 02/02/26    Page 6 of 7

included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk is directed to terminate all Defendants aside from those identified in Paragraph 3 above.

5.      This case is now in the process of service. The plaintiff is to wait until counsel has appeared for the defendants before filing any motions, so defense counsel receives notice of such filings. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

6.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. A motion to dismiss is not an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

7.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

8.      This district uses electronic filing. After defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel motions and other papers that the plaintiff has filed. This does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

10.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify

Page 6 of 7

**the court of a change in mailing address or phone number will result in dismissal of
this lawsuit, with prejudice.**

      **11.     The clerk is directed to enter the standard qualified protective order
pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 2nd day of February, 2026.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
